**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CONVATEC INC.,** | ) | |
| | ) | **Civil Action No.:** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Judge:** |
| | ) | |
| **BOSTON SCIENTIFIC CORPORATION and** | ) | |
| **BOSTON SCIENTIFIC SCIMED, INC.,** | ) | **DEMAND FOR** |
| | ) | **JURY TRIAL** |
| **Defendants.** | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff ConvaTec Inc. ("ConvaTec"), for its Complaint against Defendants Boston Scientific Corporation ("Boston Scientific") and Boston Scientific Scimed, Inc. ("Scimed") (collectively "Defendants"), alleges and states as follows:

### Nature of the Action

1. This is an action for trademark infringement and unfair competition under the Lanham Act; unfair competition, consumer fraud, and deceptive trade practices under Illinois statutory law; and common law unfair competition and trademark infringement.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over ConvaTec's federal claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(b). This Court has jurisdiction over ConvaTec's related state and common law claims under 28 U.S.C. § 1367.

3. Defendants are subject to personal jurisdiction in this judicial district. Upon information and belief, Defendants have systematic and continuous contacts in this judicial district, regularly transact business within this district, and regularly avail themselves to this

1

district.  On information and belief, Defendants have committed tortious acts aimed at, and causing harm within this district.  The consequences of Defendants' actions produce effects in and directly implicate this district.

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because the parties reside in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

**The Parties**

5.      Plaintiff ConvaTec Inc. is a Delaware corporation with a place of business at 200 Headquarters Park Drive, Skillman, New Jersey 08558.

6.      Upon information and belief, Defendant Boston Scientific Corporation is a Delaware Corporation with a principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760.

7.      Upon information and belief, Defendant Boston Scientific Scimed, Inc is a Minnesota corporation with a principal place of business at One Scimed Place, Maple Grove, Minnesota 55311.  Upon information and belief, Defendant Boston Scientific Scimed, Inc. is a subsidiary of Defendant Boston Scientific Corporation.

**ConvaTec and Its VERSIVA Marks**

8.      ConvaTec is a world leader in the development and marketing of medical technologies for community and hospital care, specializing in innovative wound therapeutics, ostomy care, continence and critical care, and infusion devices, all of which are marketed and sold in interstate commerce.

9.      Since as early as May 2002, ConvaTec and its predecessors in interest E.R. Squibb & Sons, Inc. and E.R. Squibb & Sons, L.L.C. (collectively "ConvaTec") have used in

interstate commerce and around the world the VERSIVA and VERSIVA XC trademarks

(collectively the "VERSIVA Marks") in connection with medical and surgical bandages and

sterile wound dressings. ConvaTec has invested significant resources in developing, advertising,

promoting, and marketing these medical products under the VERSIVA Marks and in establishing

the VERSIVA products in the minds of consumers as high quality products offered by

ConvaTec.  The VERSIVA Marks have been printed on a variety of materials, such as product

packaging, brochures, pamphlets and the like.

      10.      The VERSIVA Marks are inherently distinctive.  By reason of extensive use and

promotion, ConvaTec's VERSIVA Marks have become favorably known among consumers as

used in connection with ConvaTec's medical products and has become a valuable asset as a

symbol of ConvaTec, its quality products and its goodwill.

      11.      ConvaTec owns the following federal registrations for the VERSIVA Marks:

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| VERSIVA | 2,632,060 | October 8, 2002 | Medical and surgical bandages and dressings |
| *Versiva* XC | 3,513,294 | October 7, 2008 | Medical and surgical bandages and wound dressings |
| VERSIVA XC | 3,506,409 | September 23, 2008 | Medical and surgical bandages and wound dressings |

These registrations are valid, subsisting, and in full force and effect.  Copies of the registration

certificates for these marks are attached as Exhibit A.

      12.      Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), ConvaTec's

federal registration certificates are prima facie evidence of the validity of the VERSIVA Marks

as well as ConvaTec's ownership and exclusive right to use the VERSIVA Marks in commerce

in connection with the goods identified in the registrations.  Moreover, ConvaTec's federal

registration for VERSIVA (Reg. No. 2,632,060) is incontestable under 15 U.S.C. § 1065.

This incontestable registration is conclusive evidence of the validity of the VERSIVA mark,

ConvaTec's ownership of the mark and its exclusive right to use the mark in commerce in

connection with the goods identified in the registration.  15 U.S.C. § 1115(b).

### Defendants' Wrongful Acts

13.     Upon information and belief, long after ConvaTec first used the VERSIVA Marks

and notwithstanding ConvaTec's rights in those marks, SciMed adopted and licensed to Boston

Scientific the VERSIVA mark for use in connection with disposable urologic laser fibers.  Upon

information and belief, Boston Scientific's use of the VERSIVA mark inures to the benefit of

Scimed.

14.     Upon information and belief, the disposable urological laser fibers offered by

Defendants under the VERSIVA mark are related in nature and kind to the medical products

ConvaTec sells under the VERSIVA Marks.

15.     Upon information and belief, ConvaTec and Defendants promote and sell their

respective VERSIVA products to doctors' offices, clinics, hospitals and/or medical product

suppliers.  Upon information and belief, medical professionals and/or purchasers in these

facilities purchase ConvaTec's and Defendants' products from many of the same distributors

and/or through the same product ordering systems.

16.     Upon information and belief, ConvaTec and Defendants' sales representatives call

on many of the same medical facilities.

17.     On September 30, 2009, SciMed filed with the United States Patent and

Trademark Office U.S. Federal Trademark Application Ser. No. 77/838,020 for the mark

4

VERSIVA for laser fiber for medical applications.  The application was filed on an intent-to-use basis and is currently pending.

18.     Pursuant to 15 U.S.C. § 1072, before Defendants began using and applied to register the VERSIVA mark, Defendants had constructive notice of ConvaTec's claim of ownership of the VERSIVA Marks for medical and surgical bandages and wound dressings.

19.     On March 12, 2010 ConvaTec sent SciMed a letter demanding that it cease use of the VERSIVA mark and abandon its application to register the mark.  SciMed refused this demand.

20.     Upon information and belief, and notwithstanding ConvaTec's objections to SciMed's adoption of the VERSIVA mark, Defendants continue to use the VERSIVA mark in connection with disposable urologic laser fibers.

21.     Upon information and belief, Defendants have used the VERSIVA mark with actual knowledge of ConvaTec's distinctive VERSIVA Marks, and with an intent to capitalize on the reputation and goodwill of ConvaTec, to confuse and deceive consumers, and to unfairly compete with ConvaTec.

22.     Defendants' use of the VERSIVA mark in connection with disposable urologic laser fibers in interstate commerce is likely to cause confusion, mistake, and deception among the relevant consuming public.  Consumers will likely believe that Defendants' goods are in some way associated with or connected with or approved or authorized by ConvaTec, or that Defendants' goods originate from the same source as do ConvaTec's goods, when that is not the case.

23.     All of the foregoing acts of Defendants have caused, and unless restrained by this Court, will continue to cause serious and irreparable injury for which ConvaTec has no adequate remedy at law.

## COUNT I
### Trademark Infringement in Violation of
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

24.     As the first ground for relief, ConvaTec hereby alleges trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  ConvaTec incorporates by reference Paragraphs 1 through 23 above, as though fully set forth herein.

25.     Defendants' unauthorized use in interstate commerce of the VERSIVA mark is likely to cause confusion or mistake as to the source, sponsorship, approval, or affiliation of Defendants' products.  The consuming public and the trade are likely to believe that Defendants' products originate with ConvaTec, are licensed, sponsored or approved by ConvaTec, or in some way connected with or related to ConvaTec, in violation of 15 U.S.C. § 1114(1).

26.     Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of ConvaTec's rights.

27.     Defendants' acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to ConvaTec, for which it has no adequate remedy at law.

## COUNT II
### Unfair Competition in Violation of
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

28.     As the second ground for relief, ConvaTec hereby alleges federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  ConvaTec incorporates by reference Paragraphs 1 through 27 above, as though fully set forth herein.

29.     ConvaTec's VERSIVA Marks have become uniquely associated with, and hence identify, ConvaTec.

30.     Defendants' unauthorized use in interstate commerce of the VERSIVA mark, as described herein, wrongly and falsely designates, describes or represents Defendants' goods, causing confusion, mistake, and deception as to the affiliation, connection, or association of Defendants' goods with ConvaTec, or as to the sponsorship or approval of said goods by ConvaTec, and therefore violates ConvaTec's rights in its distinctive VERSIVA Marks in violation of 15 U.S.C. § 1125(a).

31.     Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of ConvaTec's rights.

32.     Defendant's acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable harm to ConvaTec, for which it has no adequate remedy at law.

### COUNT III
### Violation of the Illinois Uniform
### Deceptive Trade Practices Act, 815 ILCS 510/1-7

33.     As its third ground for relief, ConvaTec hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.  ConvaTec incorporates by reference Paragraphs 1 through 32 above, as though fully set forth herein.

34.     Defendants' unauthorized use of the VERSIVA mark is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' goods, and/or otherwise creates a likelihood of confusion or misunderstanding, inasmuch as it gives rise to the incorrect belief that Defendants have some connection with ConvaTec.

35.     Defendants' acts constitute false, deceptive and misleading representations or statements in connection with the advertising and sale of Defendants' goods, and said acts constitute deceptive trade practices in the course of Defendants' business in willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

36.     Defendants' acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to ConvaTec, for which ConvaTec has no adequate remedy at law.

**COUNT IV**
**Violation of the Illinois Consumer Fraud**
**and Deceptive Business Practices Act, 815 ILCS 505/1-12**

37.     As the fourth ground for relief, ConvaTec hereby alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. ConvaTec incorporates by reference Paragraphs 1 through 36 above, as though fully set forth herein.

38.     Defendants' unauthorized use of the VERSIVA mark is a deceptive act or practice, on which it intends consumers to rely, and is in the course of conduct involving trade or commerce.

39.     Defendants' conduct involves trade practices that are directed to the market generally and that implicate consumer protection concerns.

40.     By its aforesaid acts and misrepresentations, Defendants have caused, and are likely to cause in the future, a public injury and a detrimental effect on consumers by causing confusion as to the origin or sponsorship of Defendants' products. Said acts constitute unfair methods of competition and unfair or deceptive acts or practices in willful violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.

41.     Defendant's acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to ConvaTec, for which it has no adequate remedy at law.

### COUNT V
### Common Law Unfair Competition
### and Trademark Infringement

42.     As the fifth ground for relief, ConvaTec hereby alleges common law unfair competition and trademark infringement.  ConvaTec incorporates by reference Paragraphs 1 through 41 above, as though fully set forth herein.

43.     Defendants' unauthorized use of the VERSIVA mark constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by ConvaTec of Defendants' goods. The public is, for example, likely to believe that Defendants' goods originate with ConvaTec, are licensed by ConvaTec, and/or are sponsored by, connected with, or related to ConvaTec.

44.     Defendants' acts constitute unfair competition and trademark infringement in violation of the common law of the State of Illinois.

45.     Defendant's acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to ConvaTec, for which it has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE**, ConvaTec prays that this Court enter the following judgment and order:

A.     That Defendants' use of the VERSIVA mark violates sections 32 and 43(a) of the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and the common law of the State of Illinois.

B.      That Defendants and their respective officers, directors, agents, servants, employees, successors, assigns, attorneys, and all those controlled by or in active concert or participation with them (hereinafter collectively "Defendants"), be preliminarily and permanently enjoined from:

1.   Using the VERSIVA mark or any other mark that is likely to cause confusion, mistake, or deception with respect to ConvaTec's VERSIVA Marks or otherwise infringing any of ConvaTec's VERSIVA Marks;

2.   Doing any other act or thing likely to induce the mistaken belief that Defendants or Defendants' goods are in any way affiliated, connected, or associated with ConvaTec or its goods, or doing any other act or thing likely to cause confusion with respect to any of ConvaTec's VERSIVA Marks;

3.   Trading on the goodwill associated with the VERSIVA Marks, and passing off their goods as those of ConvaTec;

4.   Injuring ConvaTec's business reputation and the goodwill associated with the VERSIVA Marks and from otherwise unfairly competing with ConvaTec in any manner whatsoever.

C.      That, pursuant to 15 U.S.C. §1118, Defendants be ordered to deliver up for destruction all materials, including but not limited to labels, packages, brochures, wrappers, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendants bearing the VERSIVA mark.

D.      That Defendants be ordered to recall from all sales people and authorized agents all materials, including but not limited to brochures, advertisements, promotions, and all other matter bearing the VERSIVA mark.

10

E.     That, pursuant to 15 U.S.C. §1116, Defendants be directed to file with the Court and serve upon ConvaTec within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction.

F.     That ConvaTec be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including (but not limited to):

1.  All profits received by Defendants as a result of their unlawful actions and that such profits be trebled;

2.  All damages sustained by ConvaTec as a result of Defendants' unlawful acts and that such amount be trebled; and/or

3.  Punitive damages.

G.     That Defendants be ordered to compensate ConvaTec in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Defendants' unlawful activities.

H.     That this Court award to ConvaTec all reasonable attorneys' fees, costs and disbursements incurred by ConvaTec as a result of this action.

I.     That the Court require Defendants to pay prejudgment interest on any and all monetary awards, (in whatever form), costs and expenses for this suit to which ConvaTec is entitled.

J.     That the Court order all other and further relief that it deems proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), ConvaTec demands trial by jury of all issues so triable.

Respectfully submitted,

**CONVATEC INC.**

Dated:  April 27, 2010

/s/ Thomas L. Holt
Thomas L. Holt (Illinois Bar No. 6243134)
Michelle A. Miller (Illinois Bar No. 6290243)
Brinks Hofer Gilson & Lione
1850 K Street, NW, Suite 675
Washington, DC 20006
(202) 296-8700

Joshua S. Frick (Illinois Bar No. 6292843)
Brinks Hofer Gilson & Lione
455 N. Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
(312) 321-4200

Attorneys for ConvaTec Inc.